# EXHIBIT A

Filed
12 September 25 P1:55
Joyce Hudman
County Clerk
Brazoria County

CAUSE NO. CI048613

| | | |
|---|---|---|
| JAMES ZOPFI<br>*PLAINTIFF* | § § § | IN THE COUNTY CIVIL COURT |
| VS. | § § | AT LAW NUMBER 3 |
| SOLARI HOSPICE CARE, LLC,<br>KINDRED HOSPITAL BAY AREA, and<br>KELSEY-SEYBOLD CLINIC<br>*DEFENDANTS* | § § § § | BRAZORIA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff James Zopfi complaining of Defendants Solari Hospice Care, LLC, Kindred Hospital Bay Area, and Kelsey-Seybold Clinic for cause of action show the Court and jury as follows:

### I. DISCOVERY

1. Discovery will be conducted under a LEVEL II discovery control plan in accordance with Civil Procedure Rule 190.3.

### II. PARTIES

2. Plaintiff James Zopfi is a resident of Brazoria County, Texas. He may be served through her Attorney of Record, Gregory Rincon, 2947 East Broadway Street, Suite 200, Pearland, Texas 77581.

3. Defendant Solari Hospice Care, LLC ("Solari") is a healthcare business located in and authorized to conduct business in Texas and may be served with citation by and through its President and Chief Executive Officer Gary W. Polsky at Defendant's place of business at 6800 West Loop South, Suite 250, Bellaire, Texas 77401 or through its registered agent C T Corporation System, 350 N. St. Paul St. Ste. 2900, Dallas, TX 75201.

4.      Defendant Kindred Hospital ("Kindred") is a healthcare business located in and authorized to conduct business in Texas and may be served with citation at Defendant's place of business at 4801 East Sam Houston Parkway South, Pasadena, TX 77505 or through its registered agent C T Corporation System, 350 N. St. Paul St. Ste. 2900, Dallas, TX 75201 or wherever it may be found.

5.      Defendant Kelsey-Seybold Clinic ("Kelsey") is a healthcare business located in and authorized to conduct business in Texas and may be served with citation at Defendant's place of business at 10970 Shadow Creek Parkway, Pearland, TX 77584 or 8900 Lakes at 610 Drive, Houston, TX 77054, or through its registered agent Spencer R. Berthelsen, 2727 W. Holcombe Blvd. 4th Floor, Houston, TX 77025 or wherever he may be found.

### III. JURISDICTION

6.      The amount in controversy is within the jurisdictional limits of this Court. In addition, all or a substantial part of the acts and/or events that give rise to Plaintiff's claims occurred in Brazoria County, Texas. Thus, jurisdiction in this Court is proper.

### IV. VENUE

7.      Venue is proper pursuant to Civil Practice & Remedies Code §15.002 in that all or a substantial part of the acts and/or events that give rise to Plaintiff's claims occurred in Brazoria County, Texas. In addition, at least one Defendant either resides in or conducts business in Brazoria County, Texas.

### V. FACTS

8.      Plaintiff suffered a broken ankle on May 7, 2010. He was transported by ambulance to Memorial Hermann Southeast for emergency treatment and intensive care. He was subsequently transferred into the care of Kindred for rehabilitation for the following month. While in Kindred's care, Plaintiff noticed an ulceration in his right heel. At this point, Plaintiff experienced pain and

discomfort from the noticeable ulceration. While Plaintiff's ulceration continued to afflict him, he was then transferred into the care of Kelsey for nursing care.

9. In mid-July 2010, Plaintiff was released to in-home care with Solari assuming the role of providing home health care services for Plaintiff. While Solari was providing these services to Plaintiff, Plaintiff's ulceration continued to afflict him. The following month, Plaintiff noticed a pungent order emanating from his still-present ulceration. After several days without any observation by any Solari healthcare professional, Plaintiff had to request that Solari send a health care professional to evaluate the now odor-producing ulceration. The Home Health Aide examined the large hole, cleaned it with water, dressed it, and then left Plaintiff without any thing further health or medical services being performed.

10. For the following month, Plaintiff's ulceration was not properly diagnosed by any health care professional, but continued to worsen. Despite Plaintiff's repeated request to Solari to see a medical doctor, Solari did not comply. Once Plaintiff decided to terminate his services with Solari, Solari finally sent Dr. Diaz to examine Plaintiff. Dr. Diaz noted the severity of Plaintiff's ulceration. Subsequently, Plaintiff was finally properly evaluated by podiatrist Dr. Mark Moss resulting in Plaintiff mercifully being put on the road to recovery.

## VI. CAUSE OF ACTION --- MEDICAL NEGLIGENCE

11. Defendants are licensed health care providers and / or health care institutions licensed by the State of Texas to provide health care services. TEX. CIV. PRAC. & REM. § 74.001. Defendants also employ licensed health care professionals as their agents to provide health care services to their patients. Defendants owed plaintiff a duty of care to Plaintiff to provide medical and health care services according to the accepted standard of care including, but not limited to, reasonable diagnosis and proper treatment of physical maladies. Defendants breached the duty of care to

Plaintiff by failing to provide proper treatment of Plaintiff's ulceration. Moreover, Defendants engaged in several acts and omissions constituting negligence, which include (1) failing to monitor plaintiff's condition, (2) failing to diagnose plaintiff's condition properly, (3) failing to treat plaintiff's condition properly, and (4) failing to provide the medical and nursing care reasonably required for plaintiff's condition.

12. Defendants are liable to plaintiff for the breach of the duty of care by their respective employees, because their employees' actions and inactions were performed while in the employment of Defendants, to further Defendants' respective businesses, to accomplish the objective for which the employees were hired, and within the course and scope of that employment or within the authority delegated to the employees. The employees breached the duty of care to Plaintiff as mentioned above.

13. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in the unnecessary continuance of Plaintiff's ulceration without proper treatment which caused both economic and non-economic damages including, but not limited to, physical pain and suffering, physical impairment, inconvenience, and loss of enjoyment of life.

## VII. CAUSE OF ACTION – BREACH OF CONTRACT

14. In addition, Plaintiff also asserts his claim that Defendants breached their respective contract to cure with Plaintiff. Plaintiff entered into valid and enforceable written and/or oral contracts that were performable within one year with each respective Defendant. By this contract, the parties agreed that Defendants would provide health and/or medical care services according to the accepted standard of care to Plaintiff and, in return, Plaintiff would provide and/or direct payment to Defendants for services rendered. Plaintiff provided and/or directed payment to Defendants for all health and/or medical care services billed.

15. Defendants breached their respective contracts with Plaintiff by not providing health or medical care services according to the accepted standard of care. Defendants failed to provide the required services when they failed to properly diagnosis and treat Plaintiff's ulceration.

16. Defendants' failure to perform under their contracts with Plaintiff caused Plaintiff the damages listed in paragraph # 13 above.

## VIII. EXEMPLARY DAMAGES

17. Plaintiff's injury resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages. TEX. CIV. PRAC. & REM. § 41.003. Defendants' omission when viewed objectively from the standpoint of Defendants at the time of Plaintiff's suffering, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to someone in Plaintiff's condition, of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

## IX. ATTORNEYS' FEES

18. Based on Plaintiff's causes of action, Plaintiff seek attorneys' fees, expenses and court costs related to this litigation. By statute, Plaintiff is entitled to such recovery. TEX. CIV. PRAC. & REM. § 38.001. As such, Plaintiff seeks recovery of such damages.

## X. JURY DEMAND

19. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XI. CONDITIONS PRECEDENT

20. Plaintiff has sent Defendants the required notice under Texas Civil Practice and Remedies Section 74.051 and 74.052.

## XII. REQUEST FOR DISCLOSURE

21. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information of material described in Rule 194.2. Also, pursuant to Texas Civil Practice and Remedies Section 74.051(d), Plaintiff requests complete and unaltered copies of his medical records.

### XIII. PRAYER FOR RELIEF

22. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that upon trial of this cause, Plaintiff be awarded judgment against Defendants for actual damages (TEX. CIV. PRAC. & REM. § 74.053) and any additional amount that this Court finds that Plaintiff is entitled to plus cost incurred in seeking relief, attorney's fees, the pre-judgment interest on those elements of damages as allowed by law and post-judgment interest on the remaining damages from the date of the judgment until paid, and all other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GREGORY RINCON
Texas Bar No. 24054154
2947 East Broadway, Suite 200
Pearland, Texas 77581
(281) 485-9911 Office
(281) 485-6224 (Facsimile)
Attorney for the plaintiff.